ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
ROBERT J. CATHCART (BAR NO. 54906)
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: mcathcart@allenmatkins.com

Attorneys for Defendant
ONEWEST BANK, F.S.B.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMAN TOOR,<br><br>        Plaintiff,<br><br>    vs.<br><br>FARHAD KHAN, an individual; VANDA KARAMEHMEDOVIC, an individual; MORTGAGEIT, INC., a business entity form unknown; ONEWEST BANK, FSB, a business entity form unknown; and all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiffs' title thereto, and DOES 1 through 30, inclusive,<br><br>        Defendants. | Case No. 09-2850 MMC<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT ONEWEST BANK, FSB TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>[Request for Judicial Notice and [Proposed] Order filed concurrently herewith]<br><br>Date:  December 14, 2009<br>Time:  10:00 am<br>Ctrm:  7<br>Judge: Hon. Maxine M. Chesney |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on December 14, 2009 at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 7 of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant OneWest Bank, FSB ("OneWest") will and hereby does move this Court for an Order dismissing the Plaintiff's Complaint, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6), as against OneWest. In the alternative, OneWest

requests that, at a minimum, Plaintiff be required to provide a more definite statement of her claims, pursuant to Fed. R. Civ. P. 12(e).

This Motion is made on the grounds that:

1. Plaintiff's claim for "Unfair Business Practices" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2. Plaintiff's claim for "Wrongful Foreclosure" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, and the concurrently filed Request for Judicial Notice in support thereof, all pleadings and papers on file in the action, all other matters of which the Court may take judicial notice, and such other and further arguments and evidence as may be presented to the Court in connection with the above-captioned hearing.

Dated: November 12, 2009

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
ROBERT J. CATHCART

By: /s/ Robert J. Cathcart
ROBERT J. CATHCART
Attorneys for Defendant
ONEWEST BANK, F.S.B.

**TABLE OF CONTENTS**

Page

I. **INTRODUCTION** ................................................................................................ 3

II. STATEMENT OF RELEVANT FACTS ............................................................... 3

III. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED
PURSUANT TO RULE 12(B)(6) ............................................................................ 5

IV. PLAINTIFF'S SIXTH CAUSE OF ACTION, FOR UNFAIR BUSINESS
PRACTICES, IS SUBJECT TO DISMISSAL BECAUSE ONEWEST
WAS NOT IN EXISTENCE WHEN THE ALLEGED ACTIVITY
OCCURRED AND PLAINTIFF IMPROPERLY SEEKS DAMAGES ................ 6

    A. Plaintiff Has Not Alleged Any Facts To Establish Unfair Business
Practices ........................................................................................................ 7

    B. Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of
Conduct." ...................................................................................................... 8

    C. Plaintiff's Claim For Unfair Business Practices Fails Because
Plaintiff Does Not Seek Equitable Relief And Damages Are Not An
Available Remedy For A §17200 Claim ...................................................... 9

V. PLAINTIFF'S EIGHTH CAUSE OF ACTION, FOR WRONGFUL
FORECLOSURE, IS SUBJECT TO DISMISSAL ................................................. 9

    A. To The Extent That Plaintiff's Wrongful Foreclosure Claim Is Based
On California Civil Code §2923.5, Plaintiff Has Failed To State
Sufficient Facts ........................................................................................... 10

VI. PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE
DEFINITE STATEMENT OF ANY REMAINING CLAIMS ............................ 11

VII. CONCLUSION ..................................................................................................... 11

**TABLE OF AUTHORITIES**

Page(s)

### Cases

*Abdallah v. United Sav. Bank,*
   43 Cal. App. 1101 (1996) .................................................................................................. 9

*AccuImage Diagnostics Corp v. Terarecon, Inc.,*
   260 F.Supp.2d 941 (2003) ............................................................................................... 8

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) .................................................................................................... 5

*Associated Gen. Contractors. of Am. v. Metro. Water Dist.,*
   159 F.3d 1178 (9th Cir. 1998) ........................................................................................ 6

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1988) .......................................................................................... 5

*Bautista v. Los Angeles County,*
   216 F.3d 837 (9th Cir. 2000) .......................................................................................... 5

*Bell Atlantic Corp. v. Twombly,*
   127 S. Ct. at 1964 (1974) .......................................................................................... 5, 11

*Cahill v. Liberty Mut. Ins. Co.,*
   80 F.3d 336 (9th Cir. 1996) ............................................................................................ 6

*Cairns v. Franklin Mint Co.,*
   24 F. Supp. 2d 1013 (C.D. Cal. 1998) ............................................................................ 5

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ............................................................................................ 6

*Farm Credit Servs. v. American State Bank,*
   339 F.3d 765 (8th Cir. 2003) .......................................................................................... 6

*Hewlett v. Squaw Valley Ski Corp.,*
   54 Cal.App.4th 499 (1977) .......................................................................................... 6, 8

*In re Tobacco II Cases,*
   46 Cal.4th 298 (2009) ..................................................................................................... 9

*King v. California,*
   784 F.2d 910 (9th Cir. 1986), *cert. denied,* 484 U.S. 802 (1987) .................................. 5

*Nguyen v. Calhoun,*
   105 Cal.App.4th, 42 (2003) ............................................................................................ 9

*Ortiz v. Accredited Home Lenders, Inc.,*
   639 F. Supp. 2d 1159 (2009) ......................................................................................... 10

*Payne v. Security Sav. & Loan Ass'n,*
   924 F.2d 109 (7th Cir. 1991) .......................................................................................... 4

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abdallah v. United Sav. Bank,*
   43 Cal. App. 1101 (1996) ............................................................................................... 9

*AccuImage Diagnostics Corp v. Terarecon, Inc.,*
   260 F.Supp.2d 941 (2003) ............................................................................................. 8

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) ................................................................................................... 5

*Associated Gen. Contractors. of Am. v. Metro. Water Dist.,*
   159 F.3d 1178 (9th Cir. 1998) ....................................................................................... 6

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1988) ......................................................................................... 5

*Bautista v. Los Angeles County,*
   216 F.3d 837 (9th Cir. 2000) ......................................................................................... 5

*Bell Atlantic Corp. v. Twombly,*
   127 S. Ct. at 1964 (1974) ........................................................................................ 5, 11

*Cahill v. Liberty Mut. Ins. Co.,*
   80 F.3d 336 (9th Cir. 1996) ........................................................................................... 6

*Cairns v. Franklin Mint Co.,*
   24 F. Supp. 2d 1013 (C.D. Cal. 1998) ........................................................................... 5

*Clegg v. Cult Awareness Network,*
   18 F.3d 752 (9th Cir. 1994) ........................................................................................... 6

*Farm Credit Servs. v. American State Bank,*
   339 F.3d 765 (8th Cir. 2003) ......................................................................................... 6

*Hewlett v. Squaw Valley Ski Corp.,*
   54 Cal.App.4th 499 (1977) ........................................................................................ 6, 8

*In re Tobacco II Cases,*
   46 Cal.4th 298 (2009) .................................................................................................... 9

*King v. California,*
   784 F.2d 910 (9th Cir. 1986), *cert. denied,* 484 U.S. 802 (1987) ................................. 5

*Nguyen v. Calhoun,*
   105 Cal.App.4th, 42 (2003) ........................................................................................... 9

*Ortiz v. Accredited Home Lenders, Inc.,*
   639 F. Supp. 2d 1159 (2009) ....................................................................................... 10

*Payne v. Security Sav. & Loan Ass'n,*
   924 F.2d 109 (7th Cir. 1991) ......................................................................................... 4