**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

The Second Amended Complaint of Plaintiff Suman Toor ("Plaintiff") fails to identify any actions by Defendant OneWest Bank, FSB ("OneWest") that would support an action for damages of any sort, let alone the alleged causes of action for 1) Unfair Business Practices and 2) Wrongful Foreclosure. Indeed Plaintiff's Second Amended Complaint (the "Complaint") is essentially devoid of any allegations of misconduct on the part of OneWest, and puts forward no legally supportable theory upon which to hold OneWest liable for Plaintiff's alleged damages.

This Motion is made on the grounds that Plaintiff fails to identify any wrongful conduct allegedly committed by OneWest, and does not provide any legally supportable rationale for imposing liability upon OneWest in connection with any of the causes of action alleged in the Complaint.

Instead, Plaintiff attempts to recover from OneWest by mischaracterizing OneWest as a successor to Indymac Bank ("IndyMac"), and incorrectly contending that all allegations against IndyMac are valid against OneWest as well. (Complaint at ¶ 6). OneWest is not a successor to IndyMac, but merely purchased certain IndyMac assets from the FDIC, acting as receiver for IndyMac, on March 19, 2009. (Request for Judicial Notice ("RJN"), Exhibit 2). Under the terms of the purchase, OneWest did not agree to incur any liability from prior acts of IndyMac. OneWest did not exist before March 19, 2009 and cannot be liable for any acts that occurred before that date. For this reason, the allegations against OneWest are improper and are subject to dismissal.

## II. STATEMENT OF RELEVANT FACTS.

On July 11, 2009, IndyMac Federal Bank failed and the Office of Thrift Supervision ("OTS") appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver. (RJN, Exhibit 1). When the FDIC is appointed as Receiver, it

succeeds to "all rights, titles, powers and privileges of the failed institution, and may take over the assets of and operate the failed institution with all powers thereof. 12 U.S.C. §§ 1821(d)(2)(A)(i), 1821(d)(2)(B)(i). The FDIC-Receiver's powers under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA") include the power to transfer assets and liabilities of the failed institution through purchase and assumption agreements. *See id.* §1821(d)(2)(G)(i).

On March 19, 2009, OneWest was formed and it purchased the bulk of IndyMac's assets from the FDIC-Receiver. (RJN, Exhibit 2). "Absent an express transfer of liability by the [Receiver] and an express assumption of liability… the Receiver is the proper successor to the liability issue here." *Payne v. Security Sav. & Loan Ass'n*, 924 F.2d 109, 111 (7th Cir. 1991). Accordingly, Plaintiff's claims arising out of her capacity as borrower from IndyMac cannot be maintained against OneWest because the alleged relevant events occurred March 19, 2009, before OneWest existed, and did not involve OneWest:

- At some point after closing, OneWest (then IndyMac) began servicing Plaintiff's loan. (Complaint at ¶ 27).
- Plaintiff defaulted on her loan payments and OneWest initiated foreclosure proceedings. (Complaint at ¶ 28).
- Between July 2008 and the date of the foreclosure sale, Plaintiff was in contact with OneWest representatives in an attempt to modify her existing loan. (Complaint at ¶29).
- Plaintiff wired $9,600.00 to OneWest the day before a trustee's sale was scheduled to go forward. (Complaint at ¶ 31).

Since Plaintiff uses the name "OneWest" at all times to refer to the acts of IndyMac, it is impossible to decipher which allegations, if any, are directed at OneWest. However, Plaintiff does not allege that a single event occurred after March 19, 2009, which would potentially involve OneWest. Therefore, OneWest

respectfully requests that the Court dismiss Plaintiff's Complaint, in its entirety, with respect to OneWest, without leave to amend.

## III. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6).

In order to state a claim for relief as defined under Fed. R. Civ. P. 8, a "plaintiff must plead a short and plain statement of the elements of his or her claim, indentifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). The United States Supreme Court has tightened the pleading standards under Fed. R. Civ. P. 8, and has held that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1023 (C.D. Cal. 1998). Dismissal under the rule may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss is also proper where, as here, Plaintiff seeks remedies to which she is not entitled as a matter of law. *See, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986), cert. denied, 484 U.S. 802 (1987). The United States Supreme Court recently ruled that a complaint should be dismissed whenever the claims lack "facial plausibility." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face.").

In resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded allegations as true; and (3) determine whether the plaintiff

can prove any facts necessary to support a claim for relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, "conclusory allegations and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contractors. of Am. v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998); *see also Farm Credit Servs. v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions … [disguised as] factual allegations.") (citation omitted); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged.").

Here, Plaintiff has not plead and cannot competently plead any of her causes of action against OneWest. OneWest is not a successor to IndyMac and all allegations against OneWest are appropriately directed at IndyMac, not OneWest. Moreover, Plaintiff's own allegations fail to establish any relationship between OneWest, Plaintiff's mortgage loan, and the foreclosure of the Property. As such, OneWest should not bear any liability in the instant matter, and each of Plaintiff's causes of action against OneWest should be dismissed, with prejudice. In the alternative, Plaintiff must be required to provide a more definite statement.

### IV. **PLAINTIFF'S SIXTH CAUSE OF ACTION, FOR UNFAIR BUSINESS PRACTICES, IS SUBJECT TO DISMISSAL BECAUSE ONEWEST WAS NOT IN EXISTENCE WHEN THE ALLEGED ACTIVITY OCCURRED AND PLAINTIFF IMPROPERLY SEEKS DAMAGES.**

To sustain a claim under Cal. Bus. Prof. Code §17200, Plaintiff must allege that Defendant engaged in a pattern of behavior that constitutes an unfair or unlawful business practice. *See Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 518-19 (1977). Plaintiff's Unfair Business Practices claim is subject to dismissal because Plaintiff has not alleged a single incident, let alone a pattern of

behavior, where OneWest engaged in unlawful or unfair business practices. Furthermore, Plaintiff has not provided any legal basis for the alleged "unfairness" of OneWest's actions.

### A. Plaintiff Has Not Alleged Any Facts To Establish Unfair Business Practices.

Plaintiff fails to allege any facts to support a claim against OneWest for unfair business practices. Plaintiff does not and cannot allege that OneWest was the party who made any representations to Plaintiff. Moreover, even if, assuming arguendo, that OneWest could be liable for this alleged broken promise, Plaintiff's claims for violation of Section 17200 fail because the alleged act is insufficient to establish that OneWest engaged in any "unfair" business practices within the meaning of Section 17200.

In *Puentes v. Wells Fargo Home Mortg. Inc.*, 160 Cal.App.4th 638, 646 (2008), the borrowers challenged a lender's methodology of calculating interest due on a mortgage under Section 17200. *Id.* at 646-647. In analyzing whether the interest calculation practice was "unfair" within the meaning of the Section 17200, the court determined that a finding of "unfairness to competitors under section 17200 be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Id.* at 647. The Court found that the borrowers failed to state a claim under section 17200 as a matter of law because the lender utilized the interest calculation used by other lenders in the industry.

In support of her claim that OneWest engaged in "unfair business practices," Plaintiff alleges that "Defendant [broke] the promise it made to Plaintiff that if she made a payment, the sale of her home would be postponed." (See Complaint at ¶ 80). However, Plaintiff has made no allegation and has offered no proof that this broken promise is considered an "unfair" practice under § 17200 even if it had been made by someone at OneWest.

A mere breach of contract or broken promise, even if true, does not necessarily constitute an unfair business practice. "While section 17200 has broad application, its scope is restricted to violations of law, not contract." *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F.Supp.2d 941, 954 -955 (N.D.Cal.,2003).

### B. Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of Conduct."

Assuming that the single "broken promise" alleged by Plaintiff can sustain a claim for unfair business practices, her claim still fails because she has not alleged any facts that would constitute a pattern of behavior as required to sustain a claim under Cal. Bus. Prof. Code §17200. *See Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977).

A claim of "unfair business practice" under Section 17200 must be premised upon a "pattern of behavior" or a "course of conduct." *Hewlett,* 54 Cal.App.4th at 519 (finding that the use of the phrase "business practice" in section 17200 indicates the statute is directed at ongoing wrongful conduct, not a single isolated act).

Here Plaintiff cannot allege any "pattern of behavior" or "course of conduct" because the entire basis of Plaintiff's claim is a single broken promise. (See Complaint at ¶ 80). Assuming it was OneWest and not IndyMac who made this promise, which is unclear from the Complaint, a single incident involving one borrower does not establish a pattern of behavior. Because Plaintiff relies on an isolated event with respect to Defendant's purported misconduct in relation to the subject loan in support of this claim, Plaintiff fails to allege actions that rise to the level of a "pattern of behavior," "course of conduct" or "business practice" within the meaning of the statute. *Hewlett,* 54 Cal.App.4th at 519.