### C. Plaintiff's Claim For Unfair Business Practices Fails Because Plaintiff Does Not Seek Equitable Relief And Damages Are Not An Available Remedy For A §17200 Claim.

Plaintiff has improperly asserted a claim for Unfair Business Practices when Plaintiff is only seeking damages, not an equitable remedy. An Unfair Competition Law (UCL) action is equitable in nature; damages cannot be recovered. *In re Tobacco II Cases*, 46 Cal.4th 298, 207 (2009). For this reason alone, Plaintiff's claim is subject to dismissal.

## V. PLAINTIFF'S EIGHTH CAUSE OF ACTION, FOR WRONGFUL FORECLOSURE, IS SUBJECT TO DISMISSAL.

Plaintiff fails to explain how she would cure her defect of the loan or whether she is able to tender the full amount due to the lender. *See Abdallah v. United Sav. Bank*, 43 Cal. App. 1101, 1109 (1996). Absent such an allegation – and a demonstration of tender – her cause of action for Wrongful Foreclosure cannot be sustained. *Nguyen,* 105 Cal.App.4th at 429.

In particular, the Complaint asserts no actionable irregularities in the foreclosure process. Plaintiff admits that she was in default under the loan, and that OneWest communicated with her in an attempt to modify her loan prior to the foreclosure sale. (Complaint at ¶ 28, 29). Plaintiff's sole allegation in support of her Eighth Cause of Action, for Wrongful Foreclosure, is that she wired $9,600 to OneWest (IndyMac?) the day before the trustees sale was scheduled. (Complaint at ¶ 31).

The foreclosure sale was noticed on December 11, 2008, long before the trustees sale took place. (Request for Judicial Notice, Exhibit 3). At the time of the Notice of Default, Plaintiff owed nearly $12,000. At the time of the trustees sale, she owed well over $12,000. Plaintiff's alleged $9,600 payment made one day before the trustees sale was not timely, and in no way cured the default. As such, Plaintiff has alleged no facts to support a cause of action for Wrongful Foreclosure.

**A. To The Extent That Plaintiff's Wrongful Foreclosure Claim Is Based On California Civil Code §2923.5, Plaintiff Has Failed To State Sufficient Facts.**

Plaintiff's Eighth Cause of Action, for Wrongful Foreclosure, seems to be based, in part, on an alleged violation of Cal. Civ. Code § 2923.5. The Complaint alleges that, "California Civil Code § 2923.5 requires all lenders or the servicers acting on [lenders] behalf to contact borrowers who obtained loans between January 1, 2003 and December 1, 2007 to discuss foreclosure avoidance alternatives before beginning the foreclosure process." Plaintiff alleges that "OneWest did not make diligent efforts to discuss foreclosure avoidance with Plaintiff." (Complaint at ¶ 96).

Firstly, it is impossible to determine which party Plaintiff is alleging to have breached a duty because Plaintiff has completely omitted any dates and names that would indicate whether the obligated party is IndyMac or OneWest. However, to the extent that any of the allegations involved OneWest rather than IndyMac, it is subject to dismissal because Plaintiff has failed to allege that OneWest breached any obligations under the statute, and the statute does not provide for a private right of action by borrower when no loan modification is offered.

Cal. Civ. Code § 2923.5 became effective on September 6, 2008, and expresses a legislative desire that certain types of loans be modified, *if possible*. "[T]he statue does not require a lender to actually modify a defaulting borrower's loan but rather requires only contacts or attempted contacts in a good faith effort to prevent foreclosure." *Ortiz v. Accredited Home Lenders, Inc.*, 639 F. Supp. 2d 1159, 1166 (2009).

Plaintiff has failed to allege any facts that would constitute a breach of duty under this statue. Rather, to the extent that Plaintiff alleges that IndyMac and/or OneWest had to consider loan modification before foreclosure, the Complaint states that is exactly what took place. Plaintiff acknowledges that she was "in constant

contact with Defendant OneWest and made many attempts to modify the loan." (Complaint at ¶ 29).

For these reasons, Plaintiff's cause of action based on Cal. Civ. Code § 2923.5 fails as a matter of law and cannot be cured through another amended complaint.

## VI. PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ANY REMAINING CLAIMS.

If this Court does not dismiss all of the causes of action asserted against OneWest in the Complaint, the Court should order Plaintiff to provide a more definite statement of the remaining claims.

Rule 12(e) authorizes a motion for more definite statement to be granted when the pleading is "so vague or ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

The Complaint does not "plead a short and plain statement" of the elements of Plaintiff's claim. The Complaint does not satisfy the *Bell Atlantic Corp. v. Twombly* standard requiring "more than labels and conclusions" to plead claims that are "plausible on [their] face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-1965, 1974. Furthermore, Plaintiff incorrectly uses OneWest to refer to both OneWest and IndyMac, so that it is impossible to determine who Plaintiff is making the allegations against.

If this Court allows any of Plaintiff's claims to survive, Plaintiff should be ordered to set forth in detail the specific facts supporting each count she asserts.

## VII. CONCLUSION.

For all the foregoing reasons, Defendant respectfully requests that the Court dismiss the Complaint as set forth above. In the alternative, Defendant respectfully requests that the Court order Plaintiff's to provide a more definite statement of her claims.

Dated: November 12, 2009

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
ROBERT J. CATHCART

By: [signature]
ROBERT J. CATHCART
Attorneys for Defendant
ONEWEST BANK, F.S.B.