IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN K. TOOR,

    Plaintiff,

  v.

FARHAD KHAN, et al.,

    Defendants

No. C-09-2850 MMC

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY CLAIMS AGAINST ONEWEST BANK SHOULD NOT BE DISMISSED WITHOUT PREJUDICE; SETTING BRIEFING SCHEDULE; CONTINUING HEARING ON ONEWEST BANK'S MOTION TO DISMISS**

    Before the Court is defendant OneWest Bank, F.S.B. ("OneWest") motion, filed November 13, 2009, to dismiss the Second Amended Complaint ("SAC") as against One West. Plaintiff Suman Toor ("Toor") has filed opposition, to which OneWest has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons discussed below, will direct Toor to show cause why her claims against OneWest should not be dismissed for lack of subject matter jurisdiction.[1]

    "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Where, as here, a district court has original jurisdiction over a federal claim, the district court may exercise supplemental jurisdiction over a state law claim if both the federal and

---

[1] OneWest's motion does not address the issue of subject matter jurisdiction.

state law claims "derive from a common nucleus of operative fact." See Trustees v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 925 (9th Cir.), cert. denied, 540 U.S. 1017 (2003).

In her SAC, Toor alleges two federal claims, specifically, the Fifth Cause of Action, a claim brought under the Truth in Lending Act ("TILA"), and the Seventh Cause of Action, a claim brought under the Real Estate Settlement Procedure Act ("RESPA"). Both the Fifth and Seventh Causes of Action are alleged only against defendant MortgageIt, Inc. ("MortgageIt"), which entity, Toor alleges, originated a mortgage loan to Toor in 2006. In the Fifth Cause of Action, Toor alleges that MortgageIt, at the time it originated the loan, failed to provide adequate disclosures to Toor. (See SAC ¶ 73.) In the Seventh Cause of Action, Toor alleges that MortgageIt, when the loan closed in 2006, gave an unlawful "kickback" to Toor's mortgage brokers. (See SAC ¶¶ 83, 89.)

Toor also alleges five state law claims,[2] two of which are alleged against OneWest, which entity, Toor alleges, was the servicer of her mortgage. Specifically, in the Sixth Cause of Action, Toor asserts a claim for relief under § 17200 of the California Business & Professions Code, alleging that OneWest, in 2008, breached an oral agreement that it would not foreclose on her property if she made "two payments." (See SAC ¶¶ 28-31, 35, 80.) In the Eighth Cause of Action, Toor asserts a claim for relief under § 2923.5 of the California Civil Code, alleging that One West, prior to foreclosing on Toor's property in 2008, "failed to make a good faith effort to discuss foreclosure avoidance alternatives" (see SAC ¶ 98).

In sum, Toor's two federal claims pertain to conduct and omissions on the part of MortgageIt in 2006, at or about the time Toor entered into a mortgage agreement with MortgageIt, whereas Toor's two state law claims against OneWest pertain to acts and omissions by OneWest and occurring approximately two years later. Although Toor's federal claims against MortgageIt and her state law claims against OneWest all pertain to

---

[2]The parties are not diverse. Consequently, any jurisdiction the Court may have over the state law claims would be supplemental in nature

1 Toor's mortgage, the claims do not appear to arise from a common nucleus of operative
2 fact. In particular, Toor does not allege that OneWest's foreclosure was unlawful by reason
3 of MortgageIt's alleged violations of TILA and/or RESPA occurring in 2006; rather, as
4 discussed above, Toor alleges that OneWest's foreclosure was unlawful by reason of new
5 and independent conduct on the part of OneWest in 2008. In short, it does not appear the
6 state law claims against OneWest "derive from" the same facts as those on which Toor's
7 federal claims are based. Cf. Desert Valley Landscape, 333 F.3d at 925 (holding federal
8 and state law claim derived from common nucleus of operative fact, where facts necessary
9 to establish defendant's liability under federal statute "would have been part of the trial on
10 [the] state law [claim]").

Under such circumstances, it would appear the Court lacks supplemental jurisdiction over the state law claims alleged by Toor against OneWest. Accordingly, the Court will direct Toor to show cause why her state law claims against OneWest should not be dismissed, without prejudice to Toor's refiling them in an appropriate state court forum.

Specifically, the Court sets the following briefing and hearing schedule:

1. No later than January 22, 2010, Toor is hereby DIRECTED to show cause, in writing and not to exceed ten pages in length, why her state law claims against OneWest should not be dismissed without prejudice to Toor's refiling them in state court.

2. No later than January 29, 2010, OneWest shall file any reply to Toor's response to the instant order to show cause, not to exceed ten pages in length.

3. No later than February 5, 2010, Toor shall file any supplemental response, not to exceed five pages in length.

4. The hearing on OneWest's motion to dismiss is hereby CONTINUED from January 8, 2010 to February 19, 2010.

**IT IS SO ORDERED.**

Dated: December 23, 2009

MAXINE M. CHESNEY
United States District Judge

3