IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUSAN K. TOOR,

    Plaintiff,

  v.

FARHAD KHAN, et al.,

    Defendants

                                 /

No. C-09-2850 MMC

**ORDER DIRECTING PLAINTIFF TO FILE CERTIFICATE OF SERVICE AS TO DECEMBER 23, 2009 RESPONSE AND SECOND AMENDED COMPLAINT; NOTICE TO PLAINTIFF**

      The Court is in receipt of plaintiff's "Written Response Re: Order to Show Cause For Failure to Prosecute," filed December 23, 2009 ("Response"), which was filed in response to the Court's December 8, 2009 order directing plaintiff to show cause why her claims against defendants Farhad Khan ("Khan") and Vanda Karamehmedovic ("Karamehmedovic") should not be dismissed for failure to prosecute.

      Under the Local Rules of this District, any document filed with the Clerk of the Court must have attached thereto a certificate of service on the other parties to the action, see Civil L.R. 5-6(a), which certificate must state "the date, place and manner of service and the names, street address or electronic address of the person served, certified by the person who made service, pursuant to 28 U.S.C. § 1746," see id. Where a document is electronically filed, however, a certificate of service on registered ECF users is not required. See Civil L.R. 5-6, Commentary.

1 | Here, plaintiff electronically filed the Response and did not attach thereto a certificate of service. Because defendant OneWest Bank, F.S.B. ("OneWest"), is represented by counsel who is an ECF user, plaintiff was not required to attach thereto a certificate of service on OneWest. See id. Because neither Khan nor Karamehmedovic is an ECF user, however, plaintiff was required to attach to the Response a certificate of service on Khan and Karamehmedovic.[1]

Accordingly, plaintiff is hereby DIRECTED to file, no later than January 8, 2010, a certificate of service indicating she has served the Response on Khan and on Karamehmedovic, and setting forth therein the information required by Civil Local Rule 5-6(a). If plaintiff fails to timely file such certificate of service, the Court will strike the Response.

Further, as is explained therein, the Court's December 8, 2009 order directing plaintiff to show cause was issued because the docket did not reflect plaintiff had served the Second Amended Complaint ("SAC") on Khan and Karamehmedovic. In the Response, plaintiff asserts that she mailed a copy of the SAC to Khan and to Karamehmedovic, that she had an unspecified "misunderstanding regarding the operation of the PACER system," and that she "submitted to PACER" a "Proof of Service" on December 23, 2009. (See Pl.'s Response, filed December 23, 2009, at 2:6-9.) The docket does not reflect, however, that plaintiff filed, on December 23, 2009 or on any other date, a certificate of service setting forth the information required by Civil Local Rule 5-6(a) regarding any service of the SAC on Khan and on Karamehmedovic.[2]

//

---

[1]Both Khan and Karamehmedovic are proceeding pro se.

[2]Plaintiff has attached to her Response a copy of documents prepared by the United States Postal Service ("USPS"), on which plaintiff appears to rely for proof that she served the SAC on Khan and on Karamehmedovic. Such copies, however, do not constitute certificates of service for purposes of Civil Local Rule 5-6(a)(2). In particular, the copies fail to include the names and addresses of the persons to whom the USPS delivered the referenced mailings. Further, the copies do not include a certification under penalty of perjury by the person who delivered any such mail to the USPS. See Civil L.R. 5-6(a)(2).

1       Accordingly, plaintiff is hereby DIRECTED to file, no later than January 8, 2010, a certificate of service indicating she has served the SAC on Khan and on Karamehmedovic, and setting forth therein the information required by Civil Local Rule 5-6(a). If, as to any such defendant, plaintiff fails to timely file such proof of service, the Court will dismiss the SAC as against said defendant(s) for failure to prosecute.

      **IT IS SO ORDERED.**

Dated: December 29, 2009

                                          MAXINE M. CHESNEY
                                          United States District Judge