IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN K. TOOR,<br><br>    Plaintiff,<br><br>  v.<br><br>FARHAD KHAN, et al.,<br><br>    Defendants<br>_____ / | No. C-09-2850 MMC<br><br>**ORDER GRANTING IN PART AND DEFERRING IN PART RULING ON DEFENDANT MORTGAGEIT, INC.'S MOTION TO DISMISS; DEFERRING RULING ON MORTGAGEIT, INC.'S MOTION TO STRIKE AND ON DEFENDANT ONEWEST BANK'S MOTION TO DISMISS; VACATING APRIL 2, 2010 HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court are three motions: (1) defendant MortgageIT, Inc.'s ("MortgageIT") motion, filed February 12, 2010, to dismiss plaintiff Susan K. Toor's ("Toor") Second Amended Complaint ("SAC"); (2) MortgageIT's motion, filed February 12, 2010, to strike part of the prayer for relief in the SAC; and (3) defendant OneWest Bank, F.S.B.'s ("OneWest") motion, filed November 13, 2009, to dismiss the SAC. Toor has filed opposition to OneWest's motion, to which OneWest has replied. Toor has not filed opposition to the motions filed by MortgageIT. Having read and considered the above-referenced filings by the parties, the Court deems the motions suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for April 2, 2010, and rules as follows.

**A. MortgageIt's Motion to Dismiss**

    **1. Federal Claims**

The SAC includes two federal claims, each of which, MortgageIt argues, is subject to dismissal.

        **a. Fifth Cause of Action**

In the Fifth Cause of Action, Toor alleges that MortgageIT violated the Truth In Lending Act ("TILA") "by failing to provide [Toor] with appropriate material disclosures required under TILA and by not taking into account [Toor's] ability to repay the loan" MortgageIT made to Toor. (See SAC ¶ 73.) Toor alleges that as a result of MortgageIT's conduct, Toor has been "damaged in an amount according to proof but not yet ascertained." (See SAC ¶ 75.) MortgageIT argues that the Fifth Cause of Action is subject to dismissal because it is barred by the applicable statute of limitations.[1]

A claim for damages under TILA is subject to a one-year statute of limitations. See 15 U.S.C. § 1640(e). Toor entered into the subject transaction with MortgageIT in September 2006 (see MortgageIT's Req. for Judicial Notice, filed February 12, 2010, Ex. A), the latest time at which any failure to provide disclosures and any failure to take into account Toor's ability to repay necessarily would have occurred. Toor did not file her initial complaint, however, until May 2009, which is more than two and a half years later. Consequently, absent an exception to the statute of limitations, the Fifth Cause of Action is time-barred.

Toor alleges that the statutory period should be "equitably tolled" because, according to Toor, MortgageIT "fail[ed] to effectively provide the required disclosures and notices." (See SAC ¶ 74.) As noted, Toor's TILA claim is based, at least in part, on MortgageIT's alleged failure to provide required disclosures. Toor cites to no authority, and the Court has located none, holding that a plaintiff is automatically entitled to equitable

---

[1] MortgageIT also argues that Toor is not entitled to a remedy of rescission. Toor, however, does not seek such relief, and, consequently, the Court does not consider that issue.

tolling whenever a creditor fails to provide required disclosures.  To the extent that Toor may be attempting to allege grounds for equitable tolling based on the particular circumstances of the instant alleged failure to provide required disclosures, Toor has not alleged any such facts.  Cf. King v. California, 784 F.2d 910, 915 (9th Cir.1986) (holding that although "the limitations period in Section 1640(e) runs from the date of consummation of the transaction . . . the doctrine of equitable tolling may, <u>in the appropriate circumstances</u>, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the . . . nondisclosures that form the basis of the TILA action") (emphasis added).

Accordingly, the Fifth Cause of Action will be dismissed, with leave to amend.

**b. Seventh Cause of Action**

In the Seventh Cause of Action, Toor alleges that MortgageIT violated the Real Estate Settlement Procedures Act ("RESPA"), and, specifically, 12 U.S.C. § 2607, by compensating Toor's mortgage brokers with "yield spread premium payments," because, according to Toor, such payments were "not reasonably related to the value of the . . . services that were actually performed" by her brokers.  (See SAC ¶¶ 83-84, 86, 89.)  Toor alleges that as a result of MortgageIT's conduct, Toor has been "damaged in an amount according to proof but not yet ascertained." (See SAC ¶ 92.)  MortgageIT argues that the Seventh Cause of Action is subject to dismissal because it is barred by the applicable statute of limitations.

A claim that a defendant violated § 2607 is subject to a one-year statute of limitations.  See 12 U.S.C. § 2614.  As noted, Toor entered into the subject transaction in September 2006, which event necessarily marks the time of any violations alleged to have occurred in connection with the settlement of her loan.  See 12 U.S.C. § 2601(b) (providing purpose of RESPA is "to effect certain changes in the settlement process for residential real estate").  Toor, as noted, did not file her initial complaint, however, until May 2009, a date more than two and a half years later.  Consequently, absent an exception to the

statute of limitations, the Seventh Cause of Action is time-barred.

Toor alleges her claim against MortgageIT should be "equitably tolled" because MortgageIT "fail[ed] to effectively provide the required disclosures and notices." (See SAC ¶ 85.) Toor fails, however, to identify any "required disclosures and notices" that bear on her RESPA claim and were not provided to her, nor has she otherwise alleged facts to support a finding of equitable tolling.

Accordingly, the Seventh Cause of Action will be dismissed, with leave to amend.

**2. State Law Claims**

The remaining claims alleged against MortgageIT arise under state law. The Court's jurisdiction over the instant action is based on Toor's federal claims. (See Notice of Removal, filed June 25, 2009, ¶ 3.) To the extent the Court has jurisdiction over the state law claims against MortgageIT, such jurisdiction is supplemental in nature. See 28 U.S.C. § 1367(a).

The Court will defer ruling on the sufficiency of Toor's state law claims, pending amendment, if any, of Toor's federal claims. See 28 U.S.C. § 1367(c)(3) (providing where sole cause of action over which district court has original jurisdiction has been dismissed, the court may decline to exercise supplemental jurisdiction over remaining claims).

**B. Remaining Motions**

In light of the dismissal of Toor's federal claims, the Court will defer ruling on MortgageIT's motion to strike and on OneWest's motion to dismiss,[2] pending amendment, if any, of Toor's federal claims. See id.

**CONCLUSION**

For the reasons stated above:

1. MortgageIT's motion to dismiss is hereby GRANTED in part and DEFERRED in part as follows:

---

[2]All of the claims alleged against OneWest arise under state law.

4

a. To the extent the motion seeks dismissal of the Fifth and Seventh Causes of Action, the motion is hereby GRANTED, and the Fifth and Seventh Causes of Action are hereby DISMISSED with leave to amend.

b. To the extent the motion seeks dismissal of the state law claims alleged against MortgageIT, the Court hereby DEFERS ruling thereon, until such time as Toor either pleads a viable federal claim or the Court determines no such claim can be pleaded.

2. The Court hereby DEFERS ruling on MortgageIT's motion to strike and on OneWest's motion to dismiss, until such time as Toor either pleads a viable federal claim or the Court determines no such claim can be pleaded.

3. If Toor wishes to file a Third Amended Complaint for the purposes of amending the Fifth and Seventh Causes of Action, Toor shall file and serve a Third Amended Complaint no later than April 16, 2010.[3] If Toor does not file a Third Amended Complaint on or before April 16, 2010, the instant action will consist of the state law claims alleged in the SAC.

4. The Case Management Conference is hereby CONTINUED from May 7, 2010 to June 25, 2010. A Joint Case Management Statement shall be filed no later than June 18, 2010.

**IT IS SO ORDERED.**

Dated: March 26, 2010

MAXINE M. CHESNEY
United States District Judge

---

[3] If Toor files a Third Amended Complaint, she may, but is not required to, amend any of her existing state law claims. Toor may not, however, add any new claims or new defendants without first obtaining leave of court. See Fed. R. Civ. P. 15(a).