IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMAN K. TOOR,<br><br>    Plaintiff,<br><br>  v.<br><br>FARHAD KHAN, et al.,<br><br>    Defendants.<br>_____/ | No. C-09-2850 MMC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND; REMANDING ACTION** |

By order filed March 26, 2010, the Court dismissed with leave to amend plaintiff Suman K. Toor's Fifth Cause of Action, by which she alleged a violation of the Truth in Lending Act ("TILA") against defendant MortgageIT, Inc. ("MortgageIT"), and plaintiff's Seventh Cause of Action, by which she alleged a violation of the Real Estate Settlement Procedures Act ("RESPA") against MortgageIT. Specifically, the Court found that each of the above federal claims was barred by the applicable statute of limitations, and afforded plaintiff leave to amend to allege, if she could, facts to support a finding that she was entitled to equitable tolling.

Thereafter, plaintiff, on May 3, 2010, filed a Request for Leave to Amend ("Request"), by which she sought leave to file a Third Amended Complaint ("TAC") that, according to plaintiff, would include "defendants and claims that were omitted from the SAC [Second Amended Complaint]." (See Pl.'s Request, filed May 3, 2010, at 3:13-14.)

1  Plaintiff failed, however, to submit her proposed TAC.  By order filed May 5, 2010, the
2  Court afforded plaintiff leave to supplement her Request as follows:  "[T]he Court hereby
3  affords plaintiff leave to supplement her [R]equest by filing and serving on all defendants,
4  no later than May 21, 2010, her proposed TAC."  (See Order, filed May 5, 2010, at 1:23-
5  24.)  The Order of May 5, 2010 further advised plaintiff:  "If, as of May 21, 2010, plaintiff
6  has not filed her proposed TAC, plaintiff's request for leave to amend will be denied, and
7  the instant action will consist of the remaining claims in plaintiff's Second Amended
8  Complaint."  (See id. at 1:25 - 2:1.)

9  Now before the Court is plaintiff's filing of May 21, 2010, titled in part, "Leave to
10 Amend; Request to Add New Defendants; file Third Amended Complaint."  In said
11 document, plaintiff sets forth various disagreements she had with her prior counsel of
12 record, identifies three parties she would like to add as new defendants to the instant
13 action, states some of the allegations she would make against the proposed new
14 defendants, and includes argument as to why she should be entitled to proceed against the
15 existing defendants.

16 Having read and considered plaintiff's Request, as supplemented by her May 21,
17 2010 filing, the Court rules as follows.

18 Plaintiff was clearly advised, in the Court's order of May 5, 2010, that the Court
19 would deny plaintiff's Request unless plaintiff filed her proposed amended TAC by the
20 deadline set forth therein, specifically, May 21, 2010.  Plaintiff's May 21, 2010 filing,
21 however, did not include her proposed TAC.

22 Accordingly, plaintiff's Request will be denied for this reason.

23 Moreover, to the extent plaintiff's May 21, 2010 filing sets forth the factual basis of
24 her proposed amended claim(s), plaintiff fails to include any factual allegations that would
25 support a finding that plaintiff is entitled to equitable tolling of the statute of limitations
26 applicable to her TILA and RESPA claims.  Consequently, plaintiff has failed to show she
27 can amend to allege a timely TILA or RESPA claim against MortgageIT, or against any
28 other defendant or proposed defendant.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209,

2

214 (9th Cir. 1988) (holding leave to amend properly denied where amendment would be futile).

Accordingly, for this additional reason, plaintiff's Request will be denied.

As a result of the denial of plaintiff's Request, the instant action now consists of the state law claims alleged in the SAC.  The Court's jurisdiction over the instant action is based on Toor's federal claims (see Notice of Removal, filed June 25, 2009, ¶ 3), which were dismissed by the above-referenced order of March 26, 2010.  To the extent the Court has jurisdiction over the state law claims in the SAC, such jurisdiction is supplemental in nature.  See 28 U.S.C. § 1367(a).

Where all federal claims have been dismissed, the district court may decline to exercise supplemental jurisdiction over any remaining state law claims.  See 28 U.S.C. § 1367(c)(3)   Here, having considered the matter, the Court finds it appropriate to decline to exercise any supplemental jurisdiction it may have over the remaining state law claims.

Accordingly, the instant action will be remanded to state court.

## CONCLUSION

For the reasons stated above,

1. Plaintiff's Request for Leave to Amend is hereby DENIED.

2. The instant action, which consists of the state law claims alleged in the Second Amended Complaint, is hereby REMANDED to the Superior Court of the State of California, in and for the County of San Mateo.

**IT IS SO ORDERED.**

Dated:  May 27, 2010

MAXINE M. CHESNEY
United States District Judge